UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIM HOOVER and HAZEL HOOVER                                                                PLAINTIFFS

V.                                                                           CIVIL ACTION NO. 3:03CV700JS

CHRIS ANDREW WISECARVER, BILLY
SCOTT BOYKIN, JR., and WASHINGTON
MUTUAL FINANCE OF MISSISSIPPI, LLC                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant Chris Wisecarver, which he supports with record evidence, a statement of undisputed facts, and a memorandum of law, and in which Defendant Billy Boykin joins. Also before the Court is the "Response and Affidavit of Plaintiff Tim Hoover to Motion for Summary Judgment," Defendant Wisecarver's Motion to Strike that response, and Mr. Wisecarver's rebuttal to Mr. Hoover's response. Having considered the memoranda and submissions of the parties, the Court concludes that Defendants' motion to strike and motion for summary judgment should be granted.

I.   **Procedural History/Motion to Strike**

This case is another episode in an ongoing dispute between Tim and Hazel Hoover, on the one hand, and Chris Wisecarver and Billy Boykin, Jr., on the other, over the ownership of a 5.9 acre parcel of land in Hinds County, Mississippi ("Disputed Parcel"). Plaintiff Tim Hoover and his wife Hazel originally filed this suit in the Chancery Court of Hinds County, Mississippi, against these defendants and Washington Mutual Finance of Mississippi, LLC ("Washington Mutual"). Since then, the Court dismissed Washington Mutual for Plaintiffs' failure to prosecute. Moreover, Mrs. Hoover dismissed her suit claiming that Mr. Hoover forced her to join the suit "through both threats intimidation and fear" [*sic*] and that she did not agree with the allegations of the Complaint. The case was removed to this Court based on federal question jurisdiction.

Defendant Wisecarver filed his motion for summary judgment on June 20, 2006. Pursuant to Rule 7.2(D) of this Court's Uniform Local Rules, Plaintiff had until July 10, 2006, to either file

his response or request an extension of time in which to do so. He did neither. Instead, Plaintiff filed his paper captioned "Response and Affidavit of Tim Hoover to Motion for Summary Judgment" on July 20, 2006. Defendant has now moved to strike Plaintiff's late filing, and Plaintiff's time to respond to the motion to strike has long since passed without response. The Court therefore grants Defendant's unopposed motion to strike.[1]

## II. Facts

Viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, *King v. Chide*, 974 F2d 653, 656 (5th Cir. 1992), the facts appear to be as follows:

This dispute flows from a mistake in the legal description of the Disputed Parcel found in Plaintiff's original deed. Whereas Plaintiff and his wife believed that the piece of land they purchased in Hinds County in 1995 was a full 40 acres and included the disputed 5.9 acres, in reality, the grantor did not own the disputed 5.9 acres. In 1998 Defendant Boykin purchased the Disputed Parcel from its rightful owner, and in 1999 Defendant Boykin transferred a part interest in that land to Defendant Wisecarver. There appears to be no question that the parties had an ongoing bitter dispute over the property.

Plaintiff alleges that the dispute and the Defendants' actions caused various injuries, including the alienation of his wife's affections. While the Hoovers eventually reconciled, Plaintiff claims that Defendants "employed their attorney . . . to represent Mrs. Hoover in her divorce action." The Complaint further asserts:

---

[1] Although the Court strikes Plaintiff's response, the response itself would not have changed the outcome of this case. In essence, Plaintiff filed an affidavit from himself that essentially tracks the unsubstantiated assertions first raised in his Complaint. Many of those assertions are nothing more than hearsay or speculation and would not constitute the type of evidence required to rebut a well supported motion for summary judgment. *See Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 192 (5th Cir. 1990) (a party opposing summary judgment must do so with admissible evidence); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175-76 (5th Cir. 1990) (admissibility in summary judgment proceedings is governed by the same rules as at trial). In addition, Plaintiff failed to provide a legal memorandum rebutting Defendants' arguments and further failed to cite a single legal basis or authority in support of his position. Plaintiff has simply told the Court what he thinks happened and left it to the Court to determine whether he has any legal of factual bases to rebut Defendants' motion for summary judgment. The Court has undertaken that review on Plaintiff's behalf, and with or without his response, there remain no triable issues of material fact.

> The acts of Boykin and Wisecarver created such an added stress upon Hazel Hoover that she could no longer cope with the situation and she left the home and property with the couple's only child, Angel, and went to Vicksburg to be near her other children. . . . Further, Boykin would separately have meetings with Hazel Hoover's relatives and friends to continue a joint effort of procuring Hazel's divorce from Tim, all for the purpose of acquiring said property.

Plaintiff's Complaint seems to be at odds on this issue with his own deposition testimony and that of his wife.[2] Plaintiff testified that he "never had no trouble from her" until she underwent emotional changes with age and began taking a new medication. Mrs. Hoover testified that Defendants had nothing to do with her decision to leave her husband, that Defendant Boykin did not contact her and encourage her to get a divorce as alleged, and that she ultimately left because Plaintiff physically assaulted her the night before.

Regardless of the reason for the split, there is no dispute that Mrs. Hoover left the Plaintiff and their home and was residing elsewhere when, on April 3, 2002, she transferred her interest in the whole property to Defendant Boykin by executing a quitclaim deed.

This conveyance is significant because earlier, in November 2000, Plaintiff and his wife executed a deed of trust covering the whole tract (including the Disputed Parcel) to Washington Mutual to secure a loan from that company. The deed of trust and accompanying note contained a "due-on-sale" clause under which the loan could be accelerated if either of the Hoovers transferred their interest in the property to someone else. Plaintiff asserts that when Defendant Boykin purchased Mrs. Hoover's interest in the property, Defendants Boykin and Wisecarver knew that the Hoovers' note and deed of trust with Washington Mutual contained a due-on-sale clause. There is not, however, any admissible evidence before the Court regarding this claimed knowledge.

On May 6, 2002, Defendant Wisecarver purchased the Hoovers' note and deed of trust from Washington Mutual and ten days later gave Plaintiff notice of his intent to enforce the due-on-sale clause and foreclose on the property. Proper notice of foreclosure was given, and Defendant

---

[2]The only testimony available to the Court comes from the excerpts attached in support of Defendant's motion for summary judgment.

Wisecarver purchased the property at the sale on December 23, 2002. The Hoovers did not contest the foreclosure sale and were later evicted from the property pursuant to court order from which they did not appeal.

### III. Summary Judgment Standard

Rule 56 requires summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the moving party shows "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corporation v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986), the non-moving party must show "specific facts" giving rise to a genuine factual issue for trial. *Matsushita Elec. Indus. Co. V. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552-53 (1986). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis*, 61 F.3d at 315. A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment. *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122-23 (5th Cir. 1988)).

**IV. Analysis of the Plaintiff's Claims**

Defendants' efforts to obtain clear title over the land they already owned were certainly aggressive, and Plaintiff's resentment is understandable. However, as demonstrated more fully below, Plaintiff has failed to show a genuine issue of material fact as to any of the causes of action asserted in his Complaint.

A. <u>The Homestead Exemption Claim</u>

Plaintiff first asserts that the transfer from Hazel Hoover to Defendant Boykin should be set aside because it was a void transfer under Mississippi law. Plaintiff relies on Miss. Code. Ann. § 89-1-29 (1999), which provides: "A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner be married and living with the spouse."

When, at the time of a transfer or incumbrance, a husband and wife do not live together and do not make the property their homestead, section 89-1-28 does not protect the parties' interests in the property. "The requirement that the owner be living with the spouse is essential in determining whether encumbered property is homestead." *Thurman v. Thurman*, 770 So. 2d 1015, 1016 (Miss. Ct. App. 2000) (citing *Hendry v. Hendry*, 300 So. 2d 147, 149 (Miss. 1974)); *McGehee v. Middleton*, 58 So. 2d 16, 17 (Miss. 1952) (refusing to invalidate transfer where husband and wife were separated at time of transfer).

There is no dispute in the evidence that Mrs. Hoover moved out of the Hoover's home, was living with other family members, and had begun proceedings to divorce Plaintiff when she transferred her interest in the property to Defendant Boykin. Mr. and Mrs. Hoover's depositions are consistent on this point, and the quitclaim deed by which Mrs. Hoover made the transfer lists an address other than that of the disputed property. Section 89-1-28 is inapplicable, and the Court will not set aside Mrs. Hoover's transfer to Defendant Boykin.

B. The RESPA Claim

Next, Plaintiff claims that the Hoovers' deed of trust to Washington Mutual should be set aside because Washington Mutual violated a provision of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601 – 2617 (2000). Specifically, he relies on section 6 of RESPA which imposes two relevant notice requirements in connection with "federally related mortgage loan[s]." 12 U.S.C. § 2605.[3] Though he does not do so explicitly, Plaintiff appears to claim that the Hoovers' loan from Washington Mutual was a "federally related mortgage loan" and that Washington Mutual did not notify him and Mrs. Hoover that the company might transfer servicing of the loan. Further, he says that when Washington Mutual actually transferred the loan to Mr. Wisecarver the company failed to give the Hoovers notice of the transfer.

Plaintiff's claim to set aside the transfer under RESPA fails for at least two reasons. First, RESPA does not provide for recision or setting aside of a transfer, but only provides for money damages. Second, there is no evidence, substantial or otherwise, that the loan from Washington Mutual to the Hoovers was a "federally related mortgage loan" as defined in section 3 of RESPA. 12 U.S.C. § 2602(1).

Setting aside a transfer of real property is a remedy RESPA does not provide--even when the transfer is unequivocally done in violation of some provision of RESPA. Instead, RESPA allows for an action to recover actual and/or, in limited instances not relevant to this case, statutory damages from a person who fails to comply with the Act's notice requirements. 12 U.S.C. §2605(f). Here, all of the RESPA related allegations in Plaintiff's Complaint relate to Washington Mutual, the lender. There are no RESPA allegations as to either of the moving Defendants. Because the Court has dismissed Washington Mutual from the case, there remains no defendant against whom the Plaintiff could recover a judgment for damages under RESPA.

---

[3]First, any person who *makes* such a loan is required to disclose, at the time of application for the loan, that servicing of the loan may be "assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605(a). Second, any *servicer* of such a loan must notify the borrow "of any assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b).

Secondly, the Plaintiff has not shown any evidence from which the Court could conclude that the transaction between Mr. Hoover and Washington Mutual was "a federally related mortgage loan." For the notice requirements in section 2605(a) or (b) to apply, the transaction must involve a "federally related mortgage loan." 12 U.S.C. § 2605(a), (b). Section 3 of the Act defines a "federally related mortgage loan," in relevant part, as a loan that is secured by a lien on single-family residential real property, *and* that meets at least one of the following additional conditions: (i) the loan is made by a federally insured or regulated institution; or (ii) the loan is a federally insured or guaranteed loan; or (iii) the loan is intended to be sold to Freddie Mac, Ginnie Mae, or a similar entity; or (iv) the lender makes or invests in real estate loans aggregating more than $1,000,000. By virtue of authority granted in section 19 of the Act, 12 U.S.C. § 2617(a), the Secretary of Housing and Urban Development promulgated regulations further interpreting the Act's definition of "federally related mortgage loan." 24 C.F.R § 3500.5 (2006). Those regulations excepted several transactions from the coverage of the Act including a loan on property of 25 acres or more. 24 C.F.R. § 3500.5(a)(1).

The Defendants point out that Plaintiff has failed to produce competent evidence that the loan from Washington Mutual to the Hoovers was a "federally related mortgage loan" so as to be covered by the requirements of RESPA. Even considering Plaintiff's response, he has failed to direct the Court to any such evidence. The Court holds that Plaintiff is not entitled to any relief under the notice requirement contained in section 6 of RESPA. 12 U.S.C. § 2605(a), (b).

C. <u>Validity of the "Due-on-Sale" Clause</u>

Plaintiff's Complaint avers that the due-on-sale clause in the note and deed of trust between the Hoovers and Washington Mutual is unenforceable. The clause states:

> IF ALL OR PART OF SAID PROPERTY OR AN INTEREST THEREIN IS SOLD OR TRANSFERRED BY THE GRANTORS WITHOUT THE PRIOR WRITTEN CONSENT OF THE OWNER OF THE INDEBTEDNESS SECURED HEREBY THE OWNER OF THE INDEBTEDNESS MAY, AT ITS SOLE OPTION, DECLARE ALL SUMS SECURED BY THIS DEED OF TRUST TO BE IMMEDIATELY DUE AND PAYABLE.

Plaintiff's Complaint asserts two theories for finding this clause unenforceable:  First, Plaintiff claims that there was no threat to Defendant Wisecarver's security interest that would justify enforcing the clause because Defendant Wisecaver knew Mrs. Hoover sold her interest to Defendant Boykin.  Second, Plaintiff avers that enforcing the clause violates the Garn-St. Germain Act, 12 U.S.C.§ 1701j -3.

As to Plaintiff's first argument, even if the Court were to accept Plaintiff's alleged facts as true, he still would not be due the relief he seeks.  Defendants correctly observed in their memorandum of law that the Mississippi Supreme Court has held due-on-sale clauses valid and enforceable even in the absence of a threat on the lender's security interests.  *First Nat'l Bank of Vicksburg v. Caruthers*, 443 So. 2d 861, 864 (Miss. 1984).  In *Caruthers*, the court explained that, "[t]he right of persons to contract is fundamental to our jurisprudence and absent mutual mistake, fraud and/or illegality, the courts do not have the authority to modify, add to, or subtract from the terms of a contract validly executed between two parties." *Id.* (citing *Weatherford v. Martin*, 418 So. 2d 777 (Miss. 1982); *U.S. Fid. & Guar. Co. v. Gough*, 289 So. 2d 925 (Miss. 1974); *Citizens Nat'l Bank of Meridian v. L.L. Glascock, Inc.*, 243 So. 2d 67 (Miss. 1971); *Travelers Indem. Co. v. Chappell*, 246 So. 2d 498 (Miss. 1971); *Employers Mut. Cas. Co. v. Mosser*, 250 Miss 542, 164 So. 2d 426 (1964); *Phenix Ins. Co. v. Dorsey*, 102 Miss. 81, 58 So. 778 (1912)).  Plaintiff offered no contrary cases or legal arguments on this point.

Plaintiff's second stated basis for invalidating the due-on-sale clause is that "such invocation of the due on sale clause is not one permitted in accordance with the Garn-St. Germain Depository Institutions Act of 1982 . . . , and is prohibited by case law as pronounced by the Mississippi Supreme Court."  Complaint, ¶ 20.  This argument fails like the first.  Contrary to Plaintiff's assertion, the Garn-St. Germain Act actually preempts state laws, state constitutional provisions, and state judicial decisions that limit enforceability of due-on-sale clauses in most cases, 12 U.S.C. § 1701j-3(b)(1) (2000), and Plaintiff has failed to offer any proof (or even argument) that any of the exceptions in the statute apply.  As for the "case law as pronounced by the Mississippi Supreme

Court," Plaintiff failed to cite a single case that would prohibit enforcement of the clause. Having been presented with no competent evidence or legal authority to rebut Defendant's motion on this issue, the Court finds for the Defendants on this portion of their motion.

      D.  <u>State-law Tort Claims</u>

In his Complaint, Plaintiff appears to press claims for damages against the Defendants based on alienation of affections and conspiracy. Both of these claims are without merit and should be dismissed as a matter of law.

To establish the tort of alienation of affections, a plaintiff must show (1) wrongful conduct by the defendant, (2) loss of affection and consortium, and (3) a causal connection between the conduct and the loss. *Bland v. Hill*, 735 So. 2d 414, 417-18 (Miss. 1999); *Kirk v. Koch*, 607 So. 2d 1220, 1222-23 (Miss. 1992) (citing 41 Am. Jur. 2d *Husband & Wife* § 466 (1964)); *see also Saunders v. Alford*, 607 So. 2d 1214, 1215 (Miss. 1992). Plaintiff has not shown any evidence supporting this claim. First, Plaintiff alleges that Defendants contacted his wife to encourage her to get a divorce, but he has not demonstrated personal knowledge of those contacts. The only *evidence* before the Court regarding the alleged contact was offered by the Defendants in the form of Mrs. Hoover's sworn testimony denying that the Defendants contacted her. Second, even assuming wrongful conduct by the Defendants, Plaintiff has not demonstrated the necessary causal connection. Mrs. Hoover testified under oath that Defendants "had nothing to do with it." She also testified that she left the morning after Plaintiff assaulted her. Even the Plaintiff testified that he "never had no trouble from her" until Mrs. Hoover underwent certain changes associated with age and new medication her doctor prescribed. Defendants Wisecarver and Boykin are entitled to a summary judgment on Plaintiff's alienation of affections claim.

Finally, Plaintiff alleges conspiracy. Throughout his Complaint, he makes references to a scheme or conspiracy involving Defendants Boykin and Wisecarver, and Washington Mutual. Plaintiff gives his fullest description of the alleged conspiracy in paragraph 9 of his Complaint:

> Boykin and Wisecarver's scheme, plan and conspiracy was for Boykin to acquire record title to Hazel's one-half interest and for Wisecarver to purchase the Hoover's

9

> Promissory Note and Deed of Trust from Washington Mutual and, after such was accomplished, to invoke the due-on-sale clause in the Deed of Trust, claim same as a default, and to then declare the entire balance thereon due and payable with knowledge that Tim Hoover did not have any means whatsoever to cure the default and pay the indebtedness. Wisecarver would then buy the property at the foreclosure sale and the ends of the conspiracy would be complete.

As part of what appears to be a prayer for relief, Plaintiff "ask[s] that this Court find that a scheme, plan and conspiracy existed between the Defendants that were engaged in a conspiracy to deprive Tim and Hazel Hoover of their property as prohibited by [Mississippi's Racketeer Influenced and Corrupt Organizations Act ("RICO"), Miss. Code Ann. §§ 97-43-1 through 97-43-11 (2000)]."

The operative provision of the Mississippi RICO statute, section 97-43-5, prohibits certain conduct done in or as a result of "racketeering activity." Section 97-43-3(a) defines "racketeering activity" as follows: "to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit any *crime which is chargeable under the following provisions* of the Mississippi Code of 1972 . . . ." (emphasis added). The statute then lists fifteen specific crimes that could constitute racketeering activity. Plaintiff has not alleged or produced any evidence suggesting that Defendants engaged in any of the fifteen enumerated criminal offenses, and there is no competent evidence of any other criminal activity on the part of the Defendants. Therefore, Plaintiff cannot state a RICO claim against any of the Defendants, and they are, therefore, entitled to a judgment on that claim as a matter of law.

## V.  Conclusion

The Defendants, Chris Wisecarver and Billy Boykin, have shown in their properly supported motion for summary judgment that, as to each of Plaintiff Tim Hoover's claims, there is no genuine issue of material fact and that the Defendants are entitled to a judgment in their favor as a matter of law. Plaintiff failed to timely respond to the summary judgment motion. However, even considering his response, he has not presented any admissible evidence to support the elements of his claims. Therefore, the Defendants are entitled to and are hereby granted a judgment in their favor as a matter of law.

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2006.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE